## Town of Union *v.* Mrs. Maude Heflin.

### [61 South. 652.]

Municipal Corporations. *Injuries on streets. Presumptions of negligence. Sufficiency of evidence.*

In a suit against a municipal corporation for damages caused plaintiff by catching her toe in a burst plank in a sidewalk where the evidence showed that the sidewalk was reasonably safe and that the "busted" plank which caused plaintiff's injury, was broken sometime between Sunday afternoon and Monday forenoon, the day of the accident, and that the mayor and marshal went over the sidewalk the day before and remedied all discoverable defects, and there were no such patent defects as could reasonably put the authorities on notice, that the sidewalk would probably endanger the safety of pedestrians. In such case plaintiff was not entitled to recover.

Appeal from the circuit court of Newton county.
Hon. C. L. Dobbs, Judge.

Suit by Maude Heflin against the town of Union. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. F. N. Huddleston,* for appellant.

Code municipalities have no common law duties; they are creatures of the statute entirely and as much a part and parcel of the sovereign as the county. If liable at all, it can only be for the willful neglect of a duty, which they are charged with by law, the statue. 1 Harris' Damages by Corporations, secs. 79-81, pp. 91 and 92; *Booze* v. *Yazoo City,* 49 So. 518.

Code towns are not accident insurers to all persons who make use of their sidewalks. The calamity complained of in the case at bar was purely and simply an; accident for which the defendant town was, in no way responsible under the law. A municipality is not liable for an injury suffered from a defect in a street of which it has no knowledge, actual or constructive; and it is not chargeable with constructive knowledge of a defect of such recent origin that the municipality was not negligent in failing to discover and remedy it before the injury. *Greenwood* v. *Harris,* 89 Miss. 121, 42 So. 538.

We doubt seriously whether a Code municipality can be held for such an injury under any circumstances, but most assuredly under the facts of the case at bar, the defendant town cannot be held. *City of Vicksburg* v. *Hennessy,* 54 Miss. 391; Code 1906, sec. 3330.

It is time that the court authorities put its ban upon the prevalence of these vexatious suits against the state's youngest daughters for such trivial accidents and which the town fathers find cheaper to pay a small judgment than to appeal.

*J. R. Byrd,* for appellee.

The appellee, Mrs. Maude Heflin, sued the town of Union for two thousand dollars damages for personal injuries received by falling through a defective sidewalk in said town. The question of the liability of the town was, under proper instructions, submitted to the jury; so, also, was the question of the amount of damages submitted to the jury. There is no error in this regard, unless it be the smallness of the verdict returned by the jury. In my judgment a fifteen hundred dollar judgment would not be excessive in this case, but the jury, on the other hand, thought that one hundred and seventy-five dollars was sufficient. This town should "thank God and take courage."

Cook, J., delivered the opinion of the court.

Mrs. Heflin sued the town of Union ·for damages resulting from a fall upon an alleged negligently constructed sidewalk of the town. The evidence shows that the sidewalk in question was in the process of construction, and unfinished, at the time of the accident, but that part of the walk where the accident occurred was probably completed, and the public using the same.

Plaintiff testified that she was going from her home to the business part of the town; that a plank composing a part of the walk was "busted," and she caught her toe in between the plank, causing her to fall at full length on the walk. From her testimony it appears that the sidewalk, at the point where she fell, had been built about a week or a week and a half. Just how and to what extent the plank was "busted," and whether the defect was obvious, or not discoverable by one walking along in the ordinary way, does not appear. It appears that on the day next preceding the day of the accident the mayor and marshal of the town discovered two planks in the walk had been broken; but it also appears that new and sound planks were then substituted for the broken planks. The evidence, we think conclusively and indisputably demonstrated that the sidewalk was reasonably safe, and that the "busted" plank, which caused plaintiff to fall, was broken some time between Sunday afternoon and Monday forenoon; the last being the date of the accident.

·We fully appreciate the rule of law that confers upon the trial jury the determination of all conflicts in the evidence, but in this case there is no conflict in the evidence. No witness testified that the sidewalk was negligently constructed, or that it was in such state of disorder as to lead any reasonable person to anticipate that this accident would probably occur. No presumption of negligence follows the happening of the accident, and the jury were left to conjecture as to what the alleged defect

in the walk really was. The undisputed facts are that the plaintiff was walking along the sidewalk, in the daytime; that she caught her toe between two planks, one of which was "busted;" that she was thrown to the ground and suffered hurts; that the mayor and marshal of the town went over the sidewalk the day before the accident, and remedied such defects as were discovered at the time; that there were no such patent defects of construction or material as could reasonably put the town authorities upon notice that the sidewalk would probably endanger the safety of pedestrians.

Besides all this, there is no evidence to show that plaintiff was using due care, except she was walking along in the ordinary way; that she did not know of, or discover, the defect; that she was familiar with the conditions before the accident, and had not observed any defects in the walk which required care—all of which, in our opinion, establishes the undisputed nonnegligence of the defendant.

Reversed, and judgment here for defendant.

*Reversed.*